IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


LACORRICK C. WILLIAMS, PRO SE v. JAMES M. DAVIS


Appeal from the  Circuit Court for Wayne County
No. 12944     Stella L. Hargrove, Judge

---

No. M2003-00991-CCA-R3-CO Filed March 5, 2004

---

The Petitioner, LaCorrick C. Williams, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

LaCorrick C. Williams, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of  Tennessee.

**MEMORANDUM OPINION**

On June 10, 1998, Petitioner entered guilty pleas to attempted first degree murder as a standard 30% offender to a sentence of 35 years.  On December 17, 2002,  Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his sentence was illegal and, therefore, void based upon his claim that he pled guilty and agreed to a sentence that exceeded the statutory guidelines.

By order entered March 8, 2003, the trial court denied Petitioner's application for habeas corpus relief.  The trial court found that the 35 year sentence to which Petitioner agreed was a "hybrid sentence" that was not illegal.  Accordingly, the court dismissed the petition.

1

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully restrained for a sentence that has expired. Petitioner's habeas corpus action is based on the allegation that his sentence is illegal because he agreed to a sentence that exceeded the statutory guidelines. Petitioner pled guilty to attempted first degree murder and agreed to a sentence of thirty-five years, with the length of incarceration in one range and the release eligibility percentage in another. This court has recognized that under the Sentencing Reform Act of 1989, it is proper in a plea agreement to mix the length of incarceration and the release eligibility status. *Bland v. State*, 97 S.W.3d 133 (Tenn. Crim. App. 2002).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

2