# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### COREY JOHNSON, PRO SE v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 03-CR-8483     R. Lee Moore, Judge**

---

**No. W2003-02375-CCA-R3-HC  - Filed January 26, 2004**

---

The Petitioner, Corey Johnson, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Corey Johnson, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, III, Assistant Attorney General, for the appellee, the State of Tennessee.

#### MEMORANDUM OPINION

On March 13, 2003, Petitioner entered a guilty plea to one count of attempt to commit murder in the first degree and one count of second-degree murder.  For these convictions, he received an effective sentence of thirty-five years.   On March 13, 2003, Petitioner filed an application for writ of habeas corpus relief, alleging that the judgments of conviction are void on their face because the convicting court failed to "check off the box on the judgment forms that he

1

was found 'guilty.'" On September 17, 2003, the trial court denied habeas corpus relief, finding that any omission on the judgment form merely renders the judgments voidable, not void.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Rule 32(e), Tennessee Rules of Criminal Procedure, provides that, "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . The judgment shall be signed by the judge and entered by the clerk." The judgment form in the instant case complied with these requirements. Additionally, the judgment forms complied with the statutory requirements of section 40-35-209(e)(1-19), Tennessee Code Annotated. The fact that the judgment form failed to reflect that the Petitioner was "guilty" is not fatal to the judgment. Indeed, the fact that "pleaded guilty" was marked by the trial court, necessarily implies that the Petitioner was found guilty. Accordingly, we cannot conclude that this technical omission is sufficient to render a judgment of conviction void. Petitioner has failed to set forth any allegation that would indicate that the trial court lacked jurisdiction to convict or sentence or that his sentence had expired.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

2