IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## ALLEN R. CARLTON, PRO SE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3298   J. Randall Wyatt, Judge**

**No. M2002-03097-CCA-R3-CO - Filed March 11, 2004**

The Petitioner, Allen R. Carlton, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Allen R. Carlton, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of first degree murder by a Sumner County jury and sentenced to life imprisonment. An additional penalty of five years was imposed for the use of a firearm in the commission of the murder. This court affirmed the conviction on appeal. State v. Carlton, No. 87-261-III, 1998 WL 99939 (Tenn. Crim. App. Sept. 30, 1998). The petitioner subsequently filed a petition for post-conviction relief, which was denied by the trial court and affirmed on appeal by this court. Carlton v. State, No. 01C01-9102-CR-00036, 1991 WL 169553 (Tenn. Crim. App. Sept. 5, 1991). On July 22, 2002, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his sentence of five years for the use of a firearm was void based upon double jeopardy violations. Petitioner also alleged that the habeas corpus statutes of Tennessee are in conflict with the United States Constitution.

1

By order entered November 8, 2002, the trial court denied Petitioner's application for habeas corpus relief. The trial court found that it did not have the authority to make a determination relating to the manner in which the evidence was presented and used to convict the Petitioner. Petitioner had failed to allege grounds for relief cognizable in a state habeas corpus action. The court further found no merit in Petitioner's constitutional challenge of the Tennessee statutes governing habeas corpus. Following a motion for reconsideration and clarification, the trial court again found that Petitioner had failed to meet the burden of demonstrating that his sentence was void and that the habeas corpus petition had been properly dismissed without a hearing.

The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. Even if the Petitioner's claim of double jeopardy had merit, the conviction would be voidable, not void. Mitchell v. State, No. M2002-03011-CCA-R3-CO, 2003 WL 22243287 (Tenn. Crim. App. at Nashville Sept. 30, 2003); Claypole v. State, No. M1999-02591-CCA-R3-PC (Tenn. Crim. App. at Nashville, May 16, 2001); Ransom v. State, No. 01C01-9410-CR-00361 (Tenn. Crim. App. at Nashville, Sept. 20, 1995); Haynes v. State, No. 03C01-9402-CR-00054 (Tenn. Crim. App. at Knoxville, May 25, 1995). A judgment which is voidable may not be collaterally attacked in a suit for habeas corpus relief. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). As a result, Petitioner has failed to state a cognizable claim for habeas corpus relief. Moreover, this court determines that the enhancement for employment of a firearm while committing first degree murder was appropriately applied to Petitioner's case. See State v. Sills, Hamilton Criminal No. 984, 1987 WL 5334 (Tenn. Crim. App. at Nashville Jan. 13, 1987); State v. Sills, No. 01C01-9810-CC-00434, 1999 WL 298320 (Tenn. Crim. App. at Nashville May 6, 1999).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE