# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTHONY D. MCDANIEL, PRO SE v. BRUCE WESTBROOKS

### Appeal from the Circuit Court for Lauderdale County
### No. RD 5724     Joe H. Walker, Judge

---

### No. W2003-00801-CCA-R3-CO  - Filed March 15, 2004

---

The Petitioner, Anthony D. McDaniel, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, joined.

Anthony D. McDaniel, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, III, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On March 1, 2001, a Shelby County jury found Petitioner guilty of one count of theft of property over $10,000, a class C felony.  *See State v. Dewayne M. McDaniel a/k/a Anthony McDaniel*, No. W2002-02048-CCA-MR3-CD, 2003 WL 2288880, *1 (Tenn. Crim. App. at Jackson, Dec. 5, 2003).  For this conviction, Petitioner was sentenced, as a persistent offender, to fifteen years in the Department of Correction.  *Id.*

On March 5, 2003, Petitioner filed, pro se, an application for habeas corpus relief.  As grounds for relief, Petitioner alleges that (1) the trial court, on March 1, 2001, amended and/or modified the judgment of conviction in the Petitioner's absence, and (2) the trial court, on May 1,

1

2001, again modified the judgment of conviction in the Petitioner's absence. He contends that the amendment or modification of his sentence without his consent or presence renders the judgment void. By order entered March 11, 2003, the trial court denied habeas corpus relief, finding that habeas corpus relief is not appropriate as the Petitioner's sentence has not expired and/or the trial court had jurisdiction and authority to sentence the Petitioner to fifteen years.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence or that he is unlawfully "restrained" for a sentence that has expired. Petitioner's claims that the trial court modified or amended the judgment of conviction on March 1, 2001, and on May 10, 2001, are unfounded. There is no evidence that the sentence was altered or changed on these dates. Moreover, any challenge to his sentence are not grounds cognizable in a habeas corpus proceeding. *See Alonzo Stewart v. State*, No. 03C01-9810-CR-00380, 1999 WL 521195, at * 1 (Tenn. Crim. App. at Jackson, Jul. 23, 1999), *perm. to appeal denied*, (Tenn. Nov. 9, 1999). Petitioner has failed to show that the judgment is void or that his sentence has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

2