IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## GREGORY LYNN HOLLINGSWORTH, PRO SE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13074     Robert Holloway, Judge**

---

**No. M2003-01384-CCA-R3-CO - Filed March 16, 2004**

---

The Petitioner, Gregory Lynn Hollingsworth, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, joined.

Gregory L. Hollingsworth, pro se.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On May 3, 1999, Petitioner was convicted of aggravated assault, vehicular assault, two counts of criminal impersonation and driving after being declared a habitual motor vehicle offender. Petitioner was sentenced to seven years. Petitioner did not appeal these convictions by way of direct appeal. On April 19, 2000, Petitioner filed a petition for post-conviction relief with the Carter County Criminal Court, which was dismissed because it was filed in the improper venue. On May 25, 2000, Petitioner refiled the post-conviction petition in the Madison County Criminal Court. The petition was dismissed as being filed outside the statute of limitations. This court affirmed the dismissal on appeal. Gregory L. Hollingsworth v. State, No. W2000-01993-CCA-R3-PC, 2002 WL

1

1549617 (Tenn. Crim. App. at Jackson Jan. 16, 2002). On April 3, 2003, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief in the Wayne County Circuit Court. He subsequently filed an amended petition. In his habeas corpus action, Petitioner has asserted: the State violated his plea agreement; he was denied the right to counsel; his plea was not knowingly and voluntarily entered; he is innocent; he was denied direct appeal; the Madison County Criminal Court improperly dismissed his petition for post-conviction relief; ineffective assistance of counsel; denial of sentencing credits; and the judgment is void because it was not signed by the judge.

By order entered May 15, 2003, the trial court denied Petitioner's application for habeas corpus relief. A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. The only claim that Petitioner makes that even alleges that the judgment is void is based on the allegation that the judgment was not signed by the judge. It has been repeatedly held by Tennessee courts that failure of the trial judge to sign a judgment does not render the judgment void for habeas corpus purposes. James Russell Gann v. David Mills, No. E2003-00281-CCA-R3-PC , 2003 WL 21714064 (Tenn. Crim. App. Knoxville July 24, 2003); Michael Thomason v. Kevin Myers, No. M2002-01346-CCA-R3-CO, 2002 WL 31852868, at *2 (Tenn. Crim. App. Nashville Dec. 20, 2002). As a result, this claim for habeas corpus relief must fail. Petitioner's remaining claims attempt to collaterally attack his conviction and resulting sentence, which is improper in a habeas corpus action. Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE