# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## LAWRENCE ALLEN HODGE v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5844   Joe H. Walker, III, Judge**

---

**No. W2004-01107-CCA-R3-HC  - Filed December 13, 2004**

---

The Petitioner, Lawrence Allen Hodge, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to show either that his sentence has expired or that the trial court was without jurisdiction, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. McLIN, JJ.  joined.

Lawrence Allen Hodge,  pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Lawrence Allen Hodge, was convicted in 1979 of first degree murder and first degree criminal sexual conduct.  *See Lawrence Allen Hodge v. State*, No. 03C01-9708-CR-00332, 1998 WL 283100, at * 1 (Tenn. Crim. App., at Knoxville, Jun. 3, 1998), *perm. to appeal denied*, (Tenn. Oct. 19, 1998).  For these convictions, Petitioner received two consecutive life

1

sentences.  *Id.*  The Petitioner is currently confined at West Tennessee State Prison in Henning, Tennessee.

On March 22, 2004, Petitioner filed a pro se habeas corpus petition seeking relief from numerous sentences.  These sentences not only included the 1979 conviction for murder and criminal sexual conduct but also 1974 convictions for assault with attempt to commit first degree murder, two counts of taking the automobile of another for temporary use without consent of the owner, two counts of second degree burglary, burglary of an automobile, and a 1986 conviction for holding a hostage while a prisoner.  As basis for habeas relief, Petitioner contends that his sentences have expired and that the Tennessee Department of Correction failed to correctly compute his sentence.   On April 7, 2004, the trial court summarily dismissed the petition finding that the Petitioner's consecutive life sentences have not expired.  Petitioner timely filed a notice of appeal.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).  Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment.  *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).  Moreover, when the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing.   *See Hickman v. State*, – S.W.3d –, 2004 WL 2563267, at *1 (Tenn. Sept. 2, 2004) (*for publication*) (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon,* 70 S.W.3d at 36).

Petitioner alleges that his sentences have expired.  The only plausible basis for Petitioner's argument is that he believes he should have been released on parole.  At the time of Petitioner's conviction, an inmate serving a life sentence was not eligible for parole release for thirty years. *See* Tenn. Code Ann. § 40-3613 (1975) (recodified at Tenn. Code Ann. § 40-28-116 (1982)).   Petitioner will not be eligible for release until 2039.  Notwithstanding, even if Petitioner were eligible for  parole at the present time, release eligibility is disregarded in determining whether the sentence has expired. *See, e.g., Fred E. Smith v. State,* No. 02C01-9906-CC-00185, slip op. at 3 (Tenn. Crim. App., at Jackson, Oct. 28, 1999) ("Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement."), *perm. to appeal denied,* (Tenn. 2000); *Carl Ed Leming v. State,* No. 03C01-9603-CC-00119, slip op. at 3 (Tenn. Crim. App., at Knoxville, Apr. 22, 1997) ("[R]elease eligibility does not amount to an entitlement to immediate release.").  Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement. *See Doyle v. Hampton,* 340 S.W.2d 891, 893 (1960).  Indeed, even though released from confinement, the defendant continues in constructive custody until the expiration of the full term of his sentence. *Howell v. State,* 569 S.W.2d 428, 433 (Tenn. 1978).

Petitioner further asserts that the Department of Correction failed to properly compute his sentence. The question of whether the Department of Correction is properly calculating his sentence cannot be raised in a habeas corpus proceeding. To challenge such calculations, the Petitioner must proceed under the Uniform Administrative Procedures Act in the Chancery Court for Davidson County, Tennessee.

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ALAN E. GLENN, JUDGE