# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE, ex RELATION of DARRON CLAYTON v. TONY PARKER, WARDEN

### Direct Appeal from the Circuit Court for Lake County
### No. 03-CR-8488   R. Lee Moore, Jr., Judge

------

### No. W2004-00001-CCA-R3-HC  - Filed January 20, 2005

------

The Petitioner, Darron Clayton, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to show either that his sentence has expired or that the trial court was without jurisdiction, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ.  joined.

Charles Ronald Curbo, Memphis, Tennessee, for the appellant, Darron Clayton.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Darron Clayton, was convicted in 1994, of second degree murder.  *See State v. Darron Clayton,* No. 02C01-9304-CR-00071, 1998 WL 409914, at *1 (Tenn. Crim.

1

App., at Jackson, Jul. 23, 1998), *perm. to appeal denied*, (Tenn. Feb. 16, 1999). For this offense, the trial court imposed a sentence of twenty years. *Id.* His conviction and sentence were affirmed on direct appeal to this Court. *Id.* Petitioner is currently confined at Northwest Correctional Facility in Tiptonville, Tennessee.

On September 19, 2003, Petitioner, through retained counsel, filed a petition for habeas corpus relief. As basis for relief, Petitioner asserted that his judgment is void because second degree murder is not a lesser offense of first degree felony murder. *See State v. Gilliam*, 901 S.W.2d 385 (Tenn. Crim. App. 1995). Based upon the ruling in *Gilliam*, he asserts that the jury should not have been instructed on the charge of second degree murder as a lesser offense of felony murder. A hearing was conducted on the petition and, on November 25, 2003, the trial court denied habeas corpus relief, finding that the judgment was neither void on its face nor had the sentence expired. Specifically, the trial court opined that the claim, if true, would merely render the judgment voidable, not void. Petitioner filed a timely notice of appeal.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Petitioner contends that the trial court erroneously instructed the jury that second degree murder, the offense for which the Petitioner was ultimately convicted, was a lesser offense of the indicted offense of murder in the perpetration of a felony. Initially, we note that the Petitioner's trial occurred in April 1994. The decision in *Gilliam*, upon which Petitioner relies, was not rendered until March 1995. Additionally, a challenge to the jury instructions was made on direct appeal. *See State v. Darron Clayton,* No. 02C01-9304-CR-00071, 1998 WL 409914, at \*18. Regardless, a challenge to the jury instructions on lesser offenses does not result in a void judgment. Rather, such a challenge would merely render the judgment voidable, if such allegations were true. Thus, habeas corpus relief is not warranted. *See, e.g., Passarella v. State,* 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994) (remedy of habeas corpus in criminal cases is limited to cases where the judgment is void or the term of imprisonment has expired); *see also Chester Ray Hall v. David Mills, Warden,* No. 01C01-9510-CV-00339, 1996 WL 429170, at \*1 (Tenn. Crim. App., at Nashville, Aug. 1, 1996), *perm. to appeal denied* (Tenn. Dec. 2, 1996) (holding that erroneous jury instructions meet none of the requirements for habeas corpus relief).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered

that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

J.C. MCLIN, JUDGE