IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## RAYMOND A. CLARK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25156   Arthur R. Bennett, Judge**

———————————

**No. W2004-02503-CCA-R3-PC  - Filed June 16, 2005**

———————————

The Petitioner, Raymond A. Clark, appeals the trial court's denial of his motion to reopen his post-conviction petition/petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Raymond A. Clark, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On June 30, 1998, the Petitioner Raymond A. Clark entered guilty pleas to one count of aggravated assault, one count of criminal attempt to commit second degree murder, and one count of criminal attempt to commit first degree murder.  For these convictions, the Petitioner received an effective sentence of twenty years confinement in the Department of Correction.   No direct appeal

1

was taken. On May 29, 2001, the Petitioner filed an application for issuance of the writ of habeas corpus alleging that the sentencing court did not properly consider mitigating factors. The application was summarily dismissed by the trial court on June 13, 2001. The Petitioner failed to timely file a notice of appeal document and this Court denied his motion to waive the timely filing thereof on September 21, 2001. *See Raymond A. Clark v. State*, No. W2001-02109-CCA-MR3-CD (Tenn. Crim. App., at Jackson, Sept. 21, 2001) (*order*).

On October 5, 2004, Petitioner filed a "Motion to Re-Open Post-Conviction or Writ of Habeas Corpus" in the Shelby County Criminal Court. As basis for the motion, Petitioner alleges that *Blakely v. Washington*, 524 U.S. –, 124 S. Ct. 2531 (2004), established a new rule of constitutional law that should be applied to his case. He further contends that, under *Blakely,* his sentence is illegal in that it was imposed without benefit of a jury. On October 7, 2004, the trial court summarily dismissed the petition. On October 13, 2004, the Petitioner filed a notice of appeal document with the Clerk of the Shelby County Criminal Court.

Petitioner's appeal fails for several reasons. First, in seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Although timely filed, Petitioner filed his application in the wrong court and Petitioner failed to attach documents filed by the parties in the trial court and the order of the trial court denying the motion. Nothing in the notice of appeal document would indicate that it could be effectively treated as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

In order to obtain appellate review of the trial court's order, a petitioner <u>must</u> comply with the statutory requirements contained in Section 40-30-117(c). *See John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC; *William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 7, 1999); *Lucy Killebrew v. State*, No. 03C01-9809-CR-00320 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999), *perm. to appeal denied*, (Tenn. Apr. 24, 2000). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC. Finally, neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter. Notwithstanding, even had the application vested this Court with jurisdiction, our supreme court recently rejected *Blakely*'s application to the Tennessee Sentencing Act, *see State v. Edwin Gomez and Jonathan S. Londono,* M2002- 01209-SC-R11-CD, 2005 WL 856848, * 8, (Tenn., at Nashville, Apr. 15, 2005), *reh'g denied,* (May 18, 2005) (*for publication*), and, this Court has previously held that retrospective

application of the rule announced in *Blakely v. Washington* to cases on collateral review is not required. *See Issac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*).

Similarly, the Petitioner's application for habeas corpus relief also fails. Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). Petitioner contends that his convictions are void because he was denied his constitutional right to trial by jury. This Court has previously rejected this claim in the habeas corpus context, concluding that such claims are voidable, not void, and that the *Blakely* holding is not to be applied retroactively. *See Harvell v. Turner*, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, at * 2 (Tenn. Crim. App., at Jackson, Apr. 12, 2005) (citations omitted).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Moreover, this Court is not vested with jurisdiction to entertain a request for an appeal of a denial of a motion to reopen a post-conviction petition. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE