STATE ex rel. MARVIN HOLBROOK

*v.*

LYNN BOMAR, Warden.

364 S.W.2d 887

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

Marvin Holbrook, pro se.

George F. McCanless, Attorney General., Henry C. Foutch, Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE FELTS delivered the opinion of the Court.

This was a petition for the writ of habeas corpus filed in the Davidson County Criminal Court by Holbrook, seeking to be released from the penitentiary upon the allegation that he is being illegally held there under a judgment rendered by the Criminal Court of Knox County December 12, 1955, convicting him of armed robbery, and fixing his punishment at 99 years in the penitentiary.

It appears from the petition that he was represented by counsel in the trial in the Criminal Court of Knox County, and that the judgment and sentence now complained of were based upon his plea of guilty, and that he acquiesced in that judgment and did not seek an appeal or writ of error to bring up the judgment for review in this Court.

He attacked that judgment as void upon a number of grounds set out in his petition: that he was coerced into pleading guilty of armed robbery upon a threat by the prosecution to try him for rape and armed robbery too, and seek the death penalty; that he was given no copy of the indictment before the trial; that he was tried for armed robbery but the indictment charged him not with armed robbery, but only with simple robbery; that he was denied the right to see a list of the prospective jurors before the trial; that he, a negro, was refused ''the right to a mixed jury of negroes and whites''; and that his attorney, who was supposed to defend him, really aided the prosecution.

Upon the hearing of the application for the writ of habeas corpus, it does not appear that any evidence was offered to support any of the allegations of the petition. Nor does it appear that any copy of the indictment, of the judgment, or any part of the record of the trial in the Knox County Criminal Court was produced.

Upon this state of the record in the case before us, the Trial Judge held that the petition was wholly without merit, was an effort to make a collateral attack upon the judgment which could not be maintained in the absence of anything in the record to impeach the judgment; and he dismissed the petition. Petitioner appealed in error and has assigned errors.

■ It is well settled in this State that a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction; that the writ of habeas corpus cannot be used to serve the purpose of an appeal or writ of error. *State ex rel. v. West,* 139 Tenn. 522, 201 S.W. 743: *State ex rel. Dawson v. Bomar,* 209 Tenn. 567, 574, 354 S.W.2d 763; *State ex rel. Potter v. Bomar,* 209 Tenn. 577, 582, 354 S.W.2d 767.

■ A petition for the writ of habeas corpus, seeking release of one imprisoned under a judgment, is not a direct, but a collateral attack upon such judgment, and cannot prevail unless such judgment is void. *Giles v. State ex rel. Giles,* 191 Tenn. 538, 545, 235 S.W.2d 24; *Bomar v. State ex rel. Stewart,* 201 Tenn. 480, 300 S.W.2d 885; *State ex rel. Dawson v. Bomar,* supra; *State ex rel. Potter v. Bomar,* supra.

"The writ of habeas corpus may not be employed as the means of assaulting a judgment of court unless the

judgment assailed is void. *State ex rel. Grandstaff v. Gore,* 182 Tenn. 94, 98, 184 S.W.2d 366. The reason for this is that the use of the writ as the weapon of assault is a collateral, rather than a direct assault upon the judgment." *Giles v. State ex rel. Giles,* supra, 191 Tenn. 545, 235 S.W.2d 28.

■  Upon a collateral attack on a judgment of a court of general jurisdiction made by the parties or their privies, such judgment is presumed to be in all respects regular and valid, unless the record affirmatively shows that the court rendering the judgment lacked jurisdiction of the subject matter or of the person; such presumption is conclusive "unless it is impeached by the record itself." *McCartney v. Gamble et al.,* 184 Tenn. 243, 248, 198 S.W.2d 552, 554; *Magevney v. Karsch,* 167 Tenn. 32, 46, 65 S.W.2d 562, 92 A.L.R. 343; *Giles v. State ex rel. Giles,* supra: *Bomar v. State ex rel. Stewart,* supra; *State ex rel. Dawson,* supra; *State ex rel. Potter,* supra.

■■  When the jurisdiction of such a court depends upon the existence of a certain fact or facts, and the court has found such fact or facts, they stand until reversed on direct attack; i. e., by an appeal or writ of error. In other words, such facts cannot be questioned on a collateral attack or by petition for the writ of habeas corpus. The presumption that such facts have been properly adjudicated, is conclusive. *Bomar v. State ex rel. Stewart,* supra, 201 Tenn. 488, 300 S.W.2d 885, and cases there cited; *Giles v. State ex rel. Giles,* supra.

■  Under these well settled rules, it is clear that the matters complained of in relator's petition for habeas corpus are conclusively presumed to have been correctly determined by the Knox County Criminal Court, and such

matters are foreclosed by that judgment, in the absence of anything upon the face of the record to impeach the judgment. It, therefore, follows that the learned Trial Judge correctly held that such matters had been properly determined and there was no merit in the petition.

Petitioner also complains that the judgment under which he is being imprisoned was void because it was entered pursuant to the statute enacted by the Legislature which has not reapportioned itself as required by the Constitution. This is the same objection which was disposed of by this Court in *State ex rel. Dawson v. Bomar,* supra, and what is there said is a sufficient answer to the contention here advanced.

For these reasons, the judgment of the Criminal Court of Davidson County, dismissing the petition for habeas corpus, is affirmed.