IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

**January 12, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| GEORGE EDWARD FRENCH, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9801-CR-00022 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| RICKY BELL, Warden, | ) | (Habeas Corpus) |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellees. | ) | |

For the Appellant:

George Edward French, Pro se
T.D.O.C. No. 107854
R.M.S.I., U-6-B-117
7475 Cockrill Bend Road
Nashville, TN 37209-1010

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
Elizabeth B. Marney
Assistant District Attorney General
Washington Sq., 222 2nd Ave. N.
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joseph M. Tipton
Judge

**O P I N I O N**

2

The petitioner, George Edward French, pro se, appeals as of right from the dismissal of his petition for a writ of habeas corpus by the Davidson County Criminal Court. He is presently in prison serving an eighty-year sentence, as a Range II offender, upon his conviction in 1983 for armed robbery. He contends (1) that the sentencing court did not have the authority to sentence him as a Range II, persistent offender because he did not have a sufficient number of prior felony convictions to qualify as such and (2) that insufficient evidence existed to show beyond a reasonable doubt that he qualified as a Range II, persistent offender. Also, he seeks the appointment of counsel and oral argument.

A petition for the writ of habeas corpus relative to a person imprisoned pursuant to a judgment of conviction may be brought to contest confinement if the judgment is void or the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). However, if the claimed illegality renders the judgment or sentence voidable, rather than void, no relief can be granted. Id. at 161. Moreover, claims based upon factual disputes that were already resolved at the sentencing hearing, such as the petitioner's sentencing range, are not subject to relitigation in a habeas corpus proceeding. See State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 247, 364 S.W. 2d 887, 889 (1963). Also, absent there being a colorable claim for a writ, there is no need to appoint counsel. Similarly, there is no need for oral argument.

After a full consideration of the record, the briefs, and the law governing the issues presented, we are of the opinion that no error of law exists that would require a reversal and that no precedential value would be derived from the rendering of an

2

opinion. Therefore, we conclude that the judgment of the trial court should be affirmed

pursuant to Rule 20, Tenn. Ct. Crim. App.

                                                  _____

                                                  Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Norma Ogle, Judge

3