IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION



FILED

April 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SAMMY J. MILLER, | ) | |
| | ) | C.C.A. No. 03C01-9807-CR-00262 |
| Appellant, | ) | |
| | ) | Johnson County |
| v. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Habeas Corpus) |
| Appellee. | ) | |

FOR THE APPELLANT:

Sammy J. Miller #85359, *pro se*
Northeast Correction Complex
P. O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

R. Stephen Jobe
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, Sammy J. Miller, herein referred as "the petitioner," appeals the Johnson County Criminal Court's dismissal of his *pro se* petition for habeas corpus relief. After a jury trial in Hamilton County in December, 1977, the petitioner was found guilty of murder first degree and sentenced to death. On direct appeal, the petitioner's conviction for murder first degree was affirmed, but the Supreme Court modified the sentence of death to reflect a sentence of life imprisonment. *Miller v. State,* 584 S.W.2d 758 (Tenn. 1979).

The petitioner filed a petition for post-conviction relief, alleging certain jury instructions given at his trial violated his constitutional rights. The trial court denied relief and this Court affirmed that dismissal. *Sammy J. Miller v. State,* Hamilton County, No. 1100 (Tenn. Crim. App., Knoxville, May 17, 1989), *per. app. denied* (Tenn. 1989).

The instant habeas corpus petition was filed May 20, 1998.[1] In seeking relief via the petition, the petitioner contends: (1) he suffered from ineffective assistance of counsel; (2) he is innocent of the crime; (3) he was tried and convicted under an unconstitutional and repealed law or statute; and (4) it is unclear what law was in effect at the time the petitioner allegedly committed his crime. The trial court dismissed the petition in that the relief sought is not available by habeas corpus.

After a review of the entire record, briefs of the parties, and appropriate law, we affirm the trial court's dismissal.

**I.**

_____

[1]On May 1, 1997, the petitioner filed a petition for habeas corpus relief in the Hamilton County Criminal Court, while an inmate at the Northeast Correction Complex in Mountain City, Tennessee. The trial court dismissed the petition pursuant to Tenn. Code Ann. § 29-21-105, "[t]he application should be made to the Court or Judge most convenient in point of distance to the applicant unless a sufficient reason be given in the petition for not applying to such court or judge." This Court affirmed the trial court's dismissal of the petition. *Sammy J. Miller v. State,* No. 03C01-9710-CR-00444 (Tenn. Crim. App., Knoxville, May 6, 1998).

**GROUNDS FOR HABEAS CORPUS RELIEF**

It is well recognized in Tennessee that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired, and the petitioner is being illegally restrained. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *see also Passarella v. State,* 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). A void judgment is one which shows "upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that the convicting court was without jurisdiction. *Archer,* 851 S.W.2d at 161; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).

In the case at bar, the petitioner presents two central arguments. First, the petitioner contends he received ineffective assistance of counsel at trial. Second, the petitioner contends that he was convicted pursuant to an unconstitutional or repealed statute.

## II.

### CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

A claim of ineffective assistance of counsel is not applicable to petitions for habeas corpus relief. Such a claim, if sustainable, would only make the petitioner's conviction voidable, not void. Our post-conviction process, set out in Tenn. Code Ann. § 40-30-201, *et seq.* (§ 40-30-101, *et seq.* repealed), provides for challenges to convictions that are alleged to be void or voidable because of the abridgment of constitutional rights. A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts,* 833 S.W.2d at 62; *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 247, 364 S.W.2d 887, 889 (Tenn. 1963). Consideration of such claim was ripe for determination in the petitioner's claim for post-conviction relief in 1989. We find the trial court was correct in holding this claim was not a ground for habeas relief, and the petition could not be treated as a petition for post-conviction relief, as it is time barred.

## III.

### UNCONSTITUTIONAL STATUTE

In this complaint, the petitioner contends that the indictment in his cause should have contained the law, rule, statute, or regulation in effect when the alleged offense was committed. Also, the petitioner contends (a) the Tennessee legislature repealed all statutes (murder first degree) for a period of two weeks, and during such hiatus the alleged crime of murder was committed and (b) there was no law in place at the time the jury verdict was returned. The state argues the substance of this claim has been previously determined on direct appeal. *Miller v. State,* 584 S.W.2d 758, 762 (Tenn. 1979).

We believe the petitioner is confused when he claims there was no murder statute in effect at the time of the alleged offense, April 7, 1976. However, there arose a controversy over the constitutionality of the death penalty under the murder statutes, Tenn. Code Ann. § 39-2405 and § 39-2406. In *Miller,* the Supreme Court found, after a review of the record, the defendant was convicted upon legally sufficient evidence in a fair and error-free trial, and affirmed the conviction without hesitation. The controversy over the application of the death penalty did not have the effect of invalidating the provisions in defining murder first degree or the convictions obtained thereunder. It is clear from the analysis applied by the Supreme Court in its opinion that the statutes under which the petitioner was convicted for murder first degree and eventually sentenced were constitutional. There is no merit to this claim.

The trial court's order of dismissal is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE

-5-


_____
THOMAS T. WOODALL, JUDGE