IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## MICHAEL ADDISON v. MR. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County
No. 03-CR-8530   R. Lee Moore, Jr., Judge**

---

**No. W2004-00032-CCA-R3-HC  - Filed September 22, 2004**

---

The Petitioner, Michael Addison, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Michael Addison, pro se.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.


### MEMORANDUM OPINION


The Petitioner Michael Addison was convicted by a jury of first degree premeditated murder and first degree felony murder arising from the shooting death of Donald Ray Irby.  *See State v. Addison*, 973 S.W.2d 260, 261 (Tenn. Crim. App. 1997), *perm. to appeal denied*, (Tenn. 1998).  The trial court merged these convictions into one conviction for first degree murder.  *Id.*

The Petitioner received a sentence of life imprisonment in the custody of the Department of Correction. *Id.* On direct appeal, this Court affirmed the conviction and sentence. *Id.* A petition seeking post-conviction relief was filed and later denied by the trial court. This Court affirmed the lower court's denial of post-conviction relief. *See Michael Addison v. State*, No. 1999-00432-CCA-R3-PC, 2000 WL 1664222, at * 1 (Tenn. Crim. App. at Jackson, Oct. 24, 2000). Petitioner Addison is currently confined at the Northwest Correctional Complex in Lake County.

On December 4, 2003, Petitioner filed a petition for writ of habeas corpus alleging that his judgment of conviction was void. Specifically, he alleges that (1) the judgment does not set forth the plea as required by Rule 32(e), Tennessee Rules of Criminal Procedure and (2) the trial court was without jurisdiction to sentence him for both premeditated murder and felony murder in the same judgment. By order entered December 11, 2003, the trial court denied relief, finding that (1) "the judgment is complete and in accordance of T.C.A. § 40-3-5-209 and Rule 32(e) of the Tennessee Rules of Criminal Procedure. The judgment clearly indicates that the defendant was found guilty by jury verdict," and (2) that the jury found the Petitioner guilty of the offense of murder in the first degree in the perpetration of a felony.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Regarding the Petitioner's complaint that the jury's dual findings for premeditated and felony murder violate double jeopardy principles, this issue was unsuccessfully raised on direct appeal. *See Addison*, 973 S.W.2d at 266-267. Moreover, as noted previously by this Court, the judgment of conviction reflects only one conviction and one sentence for first degree murder. *Id.* Finally, any claims involving protections against double jeopardy would merely render a conviction voidable and not void. *See William A. Ransom v. State*, No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App. at Nashville, Sept. 20, 1995), *perm. to appeal denied*, (Tenn. Feb. 5, 1996). A judgment which is voidable can be attacked only by a petition for post-conviction relief, not through habeas corpus procedures. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

Next, Rule 32(e), Tennessee Rules of Criminal Procedure, provides that, "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. . . . The judgment shall be signed by the judge and entered by the clerk." The judgment form in the instant case was the uniform judgment document as provided in Rule 17, Rules of the Tennessee

Supreme Court. This form was completed by the trial court. This judgment form complies with the statutory requirements of section 40-35-209(e)(1-19), Tennessee Code Annotated. *See* Tenn. Sup. Ct. R. 17. The fact that the judgment form fails to reflect that the Petitioner entered a plea of not guilty is not fatal to the judgment. Indeed, the fact that the boxes "guilty" and "jury verdict" were marked by the trial court, necessarily implies that the Petitioner entered a plea of "not guilty." Accordingly, we cannot conclude that this technical omission is sufficient to render a judgment of conviction void. As this Court has previously concluded, a "technical" omission in a standard judgment form does not render a judgment void and is therefore not a basis for habeas corpus relief. *See James R.W. Reynolds v. State*, M2003-00112-R3-HC, 2004 WL 1293275, at *4 (Tenn. Crim. App. at Nashville, Jun. 8, 2004); *Roger Lynn Perry v. Tony Parker, Warden,* No. W2003-02342-CCA-R3-HC, 2004 WL 370258, at *1 (Tenn.Crim.App. Feb. 27, 2004), *app. for perm. to appeal denied,* (Tenn. Jun. 21, 2004); *Corey Johnson v. Tony Parker*, *Warden*, No. W2003-02375-CCA-R3-HC, 2004 WL 221301, at * 1 (Tenn. Crim. App. at Jackson, Jan. 26, 2004).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE

3