IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


THADDEUS D. DANIEL v. DAVID MILLS, WARDEN

Direct Appeal from the Circuit Court for Lauderdale County
No. 5868    Joe H. Walker, III, Judge

———————

No. W2004-01460-CCA-R3-HC  - Filed December 8, 2004

———————


The Petitioner, Thaddeus D. Daniel, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ.  joined.

Thaddeus D. Daniel, pro se.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


On November 2, 1995, Petitioner entered guilty pleas to six counts of aggravated robbery and one count of facilitation of first degree murder.  For these offenses, the trial court imposed a twenty year sentence for the facilitation conviction and sentences of twelve years for each of the aggravated robbery convictions.  The Petitioner is currently confined at West Tennessee State Prison in Henning, Tennessee.

On May 27, 2004, the Petitioner filed a pro se petition for writ of habeas corpus relief in the Lauderdale County Circuit Court. As grounds for issuance of the writ, the Petitioner asserted that (1) he was denied the effective assistance of counsel and (2) his guilty plea was involuntarily entered. He also complains that his sentence is illegal because imprisonment "is slavery without due process. . . ." On May 28, 2004, the trial court summarily dismissed the petition, finding that it failed to state a ground cognizable in a habeas corpus proceeding. Alternatively, the trial court found that, if the petition were considered a petition for post-conviction relief, the petition was time barred. *See* Tenn. Code Ann. § 40-30-102.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Petitioner's alleges that counsel was ineffective, that his guilty plea was involuntarily entered, and that imprisonment is a form of slavery. These are not proper claims for habeas corpus relief as, even if these claims were true, the allegations would merely render the judgments voidable, not void. Moreover, as the petition was filed over eight years after the judgments became final, the petition cannot be treated as a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102(a).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

 

 

 

_____

DAVID G. HAYES, JUDGE

2