IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

KEITH HATFIELD v. DAVID G. MILLS, WARDEN

Direct Appeal from the Circuit Court for Lauderdale County
No. 5855    Joe H. Walker, III, Judge

No. W2004-01566-CCA-R3-HC  - Filed December 10, 2004

The Petitioner, Keith Hatfield, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ.  joined.

Keith Hatfield, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

It appears from the record that, on May 3, 2000, the Petitioner was sentenced to a total of ten years.  This sentence was ordered to be run consecutive to all prior cases.  The trial court ordered that the ten year sentence be suspended and the Petitioner was placed on Community Corrections with a transfer to Knox County Community Alternative to Prison Program.   The

record is silent as to the convicted offenses.[1]  On September 21, 2000, a violation of Community Alternatives to Prison Program (CAPP) warrant was filed and the State pursued revocation of the alternative sentence.  The trial court entered an order revoking the Petitioner's alternative sentence.  The order contained in the record before us fails to reference the date the order was entered[2] and appears to be incomplete.  No appeal was taken from this revocation.  The Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On April 30, 2004, the Petitioner filed a pro se petition seeking habeas corpus relief from the revocation arising from the September 21, 2000, violation warrant.  As basis for the issuance of the writ, he contends that his due process rights were violated in that he was never provided notice of the violation warrant nor did he attend a revocation hearing.  By order entered June 1, 2004, the trial court summarily dismissed the petition finding that the petition failed to state a ground cognizable in a habeas corpus proceeding.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired.  *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992).  Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment.  *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

Petitioner alleges that he is entitled to habeas corpus relief because his due process rights were violated in that he was not provided notice of the alleged violations nor was he present at the revocation proceeding.  These are not proper claims for habeas corpus relief as, even if these claims were true, the allegations would merely render the judgments voidable, not void.

The Petitioner has not established that he is entitled to habeas corpus relief.  He has alleged neither a facially invalid judgment nor an expired sentence.  Accordingly, it is ORDERED  that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1]In his petition for habeas corpus relief, Petitioner states that, on May 3, 2000, he was serving an eight-year sentence for aggravated assault.

[2]The State asserts the trial court's order was entered on October 20, 2000.

_____

J.C. MCLIN, JUDGE