IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## LORENZO PORTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28340    W. Mark Ward, Judge**

_____

**No. W2005-01151-CCA-R3-PC  - Filed February 8, 2006**

_____

The Petitioner, Lorenzo Porter, appeals the trial court's denial of his motion to reopen his post-conviction or, in the alternative, requesting habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has not established that he is entitled to habeas corpus relief.  Moreover, this Court is not vested with jurisdiction to entertain a request for an appeal of a denial of a motion to reopen a post-conviction petition. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Lorenzo Porter, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On March 7, 1995, the Petitioner, Lorenzo Porter, entered guilty pleas to four counts of attempt to commit murder in the first degree, two counts of especially aggravated robbery, and six

counts of aggravated robbery. For these offenses, the Petitioner received an effective twenty-five year sentence. In April 2004, the Petitioner sought habeas corpus relief in the Shelby County Criminal Court. The lower court summarily denied relief.[1]

On April 27, 2005, the Petitioner filed a motion to reopen his post-conviction petition in the Shelby County Criminal Court. As grounds for the motion, the Petitioner alleged that his "conviction [was] obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable [to] the defendant" and his "conviction [was] obtained by a violation of the privilege against self-incrimination." Additionally, Petitioner alleged that there exists new scientific evidence that established his innocence. Specifically, Petitioner asserted that "'D.N.A.' of the charge #9302587 aggravated assault. 'No physical contact,' 'No witness pointed me out,' 'no physical evidence' that implicated defendant of this offense." Petitioner raised numerous other complaints, including but not limited to the following: his conviction was based on evidence obtained pursuant to an unlawful arrest, his conviction was based on an unconstitutional interrogation, his conviction was based on an incomplete affidavit of complaint, his conviction was based on an unconstitutional sentence enhancement factor, insufficient evidence existed to support his convictions, his retained counsel was ineffective, and his conviction was the result of prosecutorial misconduct. On April 28, 2005, the trial court dismissed the petition, finding "[t]he statute of limitations has long since expired for any regular post-conviction claims and neither Motion to Reopen alleges any matter which would entitled Petitioner to relief by way of Habeas Corpus or Post-Conviction Relief." The Petitioner filed a notice of appeal document on May 12, 2005.

.

## I.  Motion to Reopen A Petition for Post-Conviction Relief

If the Petitioner's pleading is treated as a motion to reopen a petition for post-conviction relief, the Petitioner's appeal fails. First, in seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within *ten days* of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* T.C.A.. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Petitioner filed his application in the wrong court, the Petitioner filed a Rule 3 notice of appeal document, rather than an application for permission to appeal, the notice of appeal was filed more than ten days after entry of the lower court's order, and Petitioner failed to attach documents

---

[1]The Petitioner filed a motion to reopen his post-conviction petition on June 10, 2004. It appears that the motion filed on June 10, 2004, was never ruled upon by the lower court. Notwithstanding, upon review of the June 10, 2004, pleading, it appears to this Court that the pleading was an attempt to appeal the lower court's dismissal of the April 2004 habeas corpus petition. Nothing contained in the June 2004 "motion to reopen" merits discussion by this Court.

2

filed by the parties in the trial court and the order of the trial court denying the motion. Nothing in the notice of appeal document would indicate that it could be effectively treated as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

In order to obtain appellate review of the trial court's order, a petitioner *must* comply with the statutory requirements contained in section 40-30-217(c), Tennessee Code Annotated. *See Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at * 2 (Tenn. Crim. App. at Jackson, Dec. 31, 2003). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *Id.* Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter.

We acknowledge that, even had the application been timely filed, the application would fail on its merits. Section 40-30-117, Tennessee Code Annotated, *see also* Tenn. Sup. Ct. R. 28 § 2(C), governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

(1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or
(2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or
(3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

T.C.A. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. T.C.A. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. T.C.A. § 40-30-117(a)(3). In the present case, the Petitioner fails to assert any ground which would entitle him to reopen a petition for post-conviction relief. The trial court did not abuse its discretion in summarily denying the motion to reopen. Moreover, if the petition be construed as an original petition for habeas corpus relief, the petition is time-barred. *See* T.C.A.§ 40-30-102(a).

## II. *Habeas Corpus*

Similarly, the Petitioner's motion if treated as an application for habeas corpus relief also fails. Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). Petitioner contends that his convictions are void because). The Petitioner fails to allege any claim that would

3

render his convictions void. Moreover, it is apparent from the face of the judgments that his sentences have not expired. Additionally, we note that, if treated as an application for habeas corpus relief, the application was filed in the wrong court. *See* T.C.A. § 29-21-105 (petition for habeas corpus must be made to court most convenient to the location of the petitioner).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Moreover, this Court is not vested with jurisdiction to entertain a request for an appeal of a denial of a motion to reopen a post-conviction petition. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE