IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 14, 2009 Session

**ROBERT WAYNE MCCLANAHAN v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Crockett County**
**Nos. 3691, 3693, 3795      Clayburn Peeples, Judge**

_____

**No. W2008-02658-CCA-R3-HC  - Filed November 19, 2009**

_____

The petitioner, Robert Wayne McClanahan, appeals the denial of his petition for habeas corpus relief.  He entered guilty pleas to three charges:  burglary of an automobile, a Class E felony, and two counts of burglary of a building other than a habitation, both Class D felonies. He was sentenced as a Range I, standard offender to one year for the Class E felony in case number 3691, and to two years in case number 3693 for the Class D felony.  He was sentenced as a Range II, multiple offender to six years for the Class D felony in case number 3795.  These sentences were to run consecutively for an effective sentence of nine years.  The petitioner claims he is on a suspended sentence and is being held improperly.  We conclude that the judgments from which he appeals neither are void nor has his sentence expired.  The record reveals that the petitioner is entitled to a hearing on whether he violated the provisions of drug court, thereby violating his conditions of probation.  The judgment dismissing the petition for habeas corpus relief is affirmed, but we remand to the trial court for a hearing on the petitioner's violation of probation in case number 3795.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and
Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

S. Jasper Taylor, IV, Bells, Tennessee, for the appellant, Robert Wayne McClanahan.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Garry G. Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In his petition for habeas corpus relief, the petitioner claims that he is being improperly held in jail. To secure his release, he began writing letters to the Circuit Court judge via the Circuit Court Clerk. The trial court appointed an attorney for the petitioner, and the underlying petition for habeas corpus relief was filed. On October 16, 2008, the trial court held a hearing on the petition, and it was stipulated that all the facts set out in the petition were accurate. The petition included the following facts in support thereof:

1. This Court has jurisdiction to hear this petition pursuant to [Tennessee Code Annotated section] 29-21-103 and [Tennessee Code Annotated section] 29-21-105.

2. Petitioner demands that the Court hear this petition instantly pursuant to [Tennessee Code Annotated section] 29-21-108.

3. In March 2004 Petitioner was charged with several misdemeanors and Petitioner pled guilty to Theft and was sentenced to [eleven months and twenty-nine days] suspended to six months. Petitioner served the six months.

4. Petitioner was later charged in an information numbered 3691 and an indictment numbered 3693.

5. June 13, 2005, Petitioner pled guilty to Burglary of an Auto in 3691 and received a sentence of [one] year all suspended and at the same time pled guilty to Burglary in 3693 and received a sentence of [two] years all suspended after [seven] months consecutive to 3691. Petitioner served the seven months. . . .

6. Petitioner was then charged in 3795 with Burglary-other than Habitation, Vandalism, 500-1000, Theft under 500, and underage possession of alcohol.

7. Due to the above charges, a probation violation was filed and served on the Petitioner in 3691 and 3693.

8. On April 3, 2006, Petitioner pled guilty to Burglary of a building in 3795 and received a sentence of [six] years suspended after completion of drug court, consecutive to 3691. At the same time the probation violation was dismissed. . . .

9. Petitioner was not able to complete Drug Court and returned to custody.

10. On August 29, 2006 Petitioner was granted a suspended sentence in cause #3795. The probation order was filled out by the probation officer who put the docket numbers 3691 and 3693 on the order but those sentences added up to only [three] years and were already suspended. The probation order suspends a sentence of [six] years which Petitioner received in 3795. . . .

11. Probation violation reports were filed on December 14, 2006 and again on February 21, 2007 but were filed again in the wrong case as they referred to a [six-]year sentence. Both were dismissed in October 2007. . . .

12. At [the] time the probation violations were dismissed in October 2007, Petitioner pled guilty to Driving on Revoked [License] in General Sessions Court and received a sentence of [eleven months and twenty-nine days with] all but [six] months suspended.

-2-

13.     Petitioner was released [on his own recognizance] for medical but returned to jail and finished serving his six[-]month sentence in August, 2008.

14.     After Petitioner finshed serving the [six-]month sentence he was still held but no one could tell him why.

15.     There appears in case # 3795 a mittimus alleging Petitioner was violated out of drug court, to be held for Circuit Court June 17, 2008, signed by the General Sessions Judge but said mittimus is not dated, is not stamped filed, and has not been served on the Petitioner. . . .

16.     The mittimus appeared in the file sometime after May 1, 2008 and before June 17, 2008.

17.     Furthermore since the order entered in July/August 2006 completion of Drug Court is not a condition of Petitioner's suspended sentence.

18.     Petitioner began writing letters to the Circuit Judge via the Clerk maintaining that he had finished serving his sentence and the Circuit Judge appointed [counsel] to represent the Petitioner.

19.     After going through all of Petitioner's files provided by the Clerk of the Court Petitioner's attorney can not explain why Petitioner is still incarcerated after serving his sentence.

20.     Petitioner maintains that he is entitled to be told why he is being held.

21.     Petitioner further maintains that before any of his suspended sentences can be revoked, a violation must be filed or a warrant taken out and the same be served upon him and he be given a hearing and an opportunity to be heard.

22.     Petitioner maintains that the practice of continuing to hold prisoners who have served their sentence is unconstitutional under both the U.S. and Tennessee constitutions.

Following a hearing on the petition for habeas corpus relief, the court determined that the petitioner was never placed on probation in case number 3795, because the petitioner had not completed the drug court program as a condition precedent.[1]  This appeal followed.

Analysis

The petitioner contends that he was denied due process and is entitled to a writ of habeas corpus. Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or

_____

[1] No witnesses were called. At this time, the petitioner and State stipulated that all facts set forth in the petition were accurate.

authority to sentence a defendant; or (2) a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

It is well settled that "a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (quoting *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963)). Furthermore, "the writ of habeas corpus cannot be used to serve the purpose of an appeal or writ of error." *Id.*

The petitioner's claim does not present a void judgment that is facially invalid because he has not presented a claim that the convicting court was without jurisdiction to order his sentence or that the sentence has expired.

Next, the petitioner sets out a due process claim that the trial court improperly revoked his probation without notice or an opportunity to be heard in case number 3795. The State simply states that because the petitioner did not successfully complete the drug court program, he was never placed on probation.

The judgment in case number 3795 provides that the petitioner was sentenced to serve six years, suspended upon completion of the drug court program. After hearing all the arguments in this petition, the trial court found that the petitioner had never been placed on probation because he did not complete the drug court program. The record also reveals several failed drug screens and a new charge of reckless driving, any of which may be sufficient to violate the petitioner's probation. What is glaringly missing from the record, however, is any notice or opportunity to be heard. Upon this record, we are unaware of any difference between drug court and the various other programs available to trial courts throughout the state. In the event a petitioner violated the rules of the program or does not complete a program as ordered, notice must be given regarding the violation and a hearing must be afforded the petitioner. *See* T.C.A. § 40-35-311 (2006). Concluding, upon this record, that this petitioner has shown his probation was revoked and was not given a notice or opportunity to be heard, we remand this case for a hearing as to whether the petitioner violated the terms and conditions of his probation. Here, the petitioner was given an alternative sentence to incarceration and, when that alternative sentence is taken away, it cannot be done automatically or by operation of law. Rather, the petitioner must be provided notice and an opportunity to be heard. *Id.*

One may read the petitioner's claims as not being given proper credits toward his sentences. In that vein, we note such jurisdiction is not proper with this court; rather, when a petitioner seeks a determination of the granting of credits toward his sentence, such a claim is cognizable under the Administrative Procedures Act codified at Tennessee Code Annotated sections 4-5-101 to -325.

Conclusion

Based on the foregoing and the record as a whole, we affirm the denial of the petition for habeas corpus relief but remand for a hearing on the petitioner's violation of probation.


_____
JOHN EVERETT WILLIAMS, JUDGE