# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 25, 2015 Session

## STEPHEN LEON KELLEY v. KENNETH D. VARNER, ET AL.

### Appeal from the Chancery Court for Hamilton County
No. 14-0442    Pamela A. Fleenor, Chancellor

---

### No. E2015-00165-COA-R3-CV-FILED-NOVEMBER 23, 2015

---

Stephen Leon Kelley ("Plaintiff") filed suit seeking, among other things, to have the 1958 divorce decree of Mary Joyce Long Kelley v. Joseph Gordon Kelley, Jr. ("the Divorce Decree") set aside so that Plaintiff could be declared one of only two heirs at law of Mary Joyce Long Kelley ("Deceased") entitled to inherit by intestacy. The Chancery Court for Hamilton County ("the Trial Court") dismissed Plaintiff's suit pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted, among other things. Plaintiff appeals to this Court. We find and hold that Plaintiff's collateral attack upon the Divorce Decree cannot be sustained because the Divorce Decree is not void upon its face. We, therefore, affirm the Trial Court's order dismissing Plaintiff's suit.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Timothy T. Ishii and Susan B. Evans, Nashville, Tennessee, for the appellant, Stephen Leon Kelley.

Arnold A. Stulce, Jr., Chattanooga, Tennessee, for the appellees, Mortgage Investors Group, Noel T. Turner, Jr., and Dianna Jill Turner.

Darren W. Kennedy, Chattanooga, Tennessee, for the appellees, Kenneth D. Varner and Aliceson Varner.

M. Aaron Spencer and Robert L. Vance, Knoxville, Tennessee, for the appellee, Vanderbilt Mortgage and Finance, Inc.

## OPINION

## Background

Deceased married Joseph Gordon Kelley, Jr. in June of 1946. Plaintiff was born in January of 1948 of the marriage between Deceased and Joseph Gordon Kelley, Jr. In October of 1958, Deceased filed for divorce in Rhea County, Tennessee. The Circuit Court for Rhea County entered an order on November 8, 1958, *inter alia*, declaring Deceased and Joseph Gordon Kelley, Jr.[1] divorced. As pertinent to this appeal, the Divorce Decree states:

> This cause came on to be heard on this the 8th day of November, 1958, during the regular August term, before Hon. C.C. Chattin, Judge, upon the bill of the complainant, Joyce Kelley, the answer of the defendant, Joseph Kelley, the proof in the cause, and upon the entire record.

> I

> From all of which it appeared to the Court from the proof that the facts as alleged in the bill are true; that the defendant has been guilty of such cruel and inhuman treatment or conduct toward the complainant as renders further cohabitation unsafe and it improper for her to further cohabit with him and be under his dominion and control, as charged.

> II

> It is, therefore, ordered, adjudged and decreed by the Court that the bonds of matrimony heretofore subsisting between the complainant and the defendant be and the same hereby are absolutely and forever dissolved, and that the complainant be vested henceforth with all the rights and privileges of an unmarried person.

> III

> It further appeared to the Court that the parties have one child, have a parcel of real estate and have household and kitchen furniture and furnishings, and that they have heretofore entered into mutual settlement agreement wherein the complainant would have the absolute title to their

---

[1] Joseph Gordon Kelley, Jr. died in December of 1996 a resident of Hamilton County, Tennessee.

realty and furniture and furnishings, and that the complainant would further retain and have the custody of their child, with the defendant to pay to her the sum of $50.00 per month for the support of the child, and such agreements appearing fair and mutual, they are ratified and confirmed by the Court, . . . and, further, that all that right, title and interest heretofore held by the defendant, Joseph Kelley, in and to the household and kitchen furniture and furnishings of these parties and also in and to that real estate by them owned and described as the real estate at 21 Polk Circle Ft. Oglethorpe, Ga., . . . be and hereby is divested out of him and vested in the complainant Joyce Kelley, hereby vesting in her the entire and absolute title in fee in and to said personalty and realty as her own alimony.

Deceased and Kenneth D. Varner were married in Walker County, Georgia in November of 1958.  On September 10, 1959, Deceased and Kenneth D. Varner purchased real property located on Marlow Drive in Chattanooga, Tennessee ("Marlow Drive Property").  Deceased and Kenneth D. Varner adopted Aliceson Varner in 1968. In June of 1983, Deceased and Kenneth D. Varner purchased real property located on Old Dayton Pike in Soddy Daisy, Tennessee ("Old Dayton Pike Property").  Deceased died intestate on August 15, 2011 as a resident of Hamilton County, Tennessee.

Kenneth D. Varner conveyed one-half of his interest in the Marlow Drive Property to Aliceson Varner in January of 2012.  Kenneth D. Varner conveyed one-half of his interest in the Old Dayton Pike Property to Aliceson Varner in February of 2012.  In June of 2013, Kenneth D. Varner and Aliceson Varner conveyed their interests in the Marlow Drive Property to Noel T. Turner, Jr. and Dianna Jill Turner.

In July of 2014, Plaintiff filed the instant suit against Kenneth D. Varner; Aliceson Darlene Varner; Noel T. Turner, Jr.; Dianna Jill Turner; Mortgage Investors Group; and Vanderbilt Mortgage and Finance, Inc.[2]  Plaintiff's complaint sought declaratory relief and requested, among other things, to have the 1958 Divorce Decree set aside, to have the 1958 marriage of Mary Joyce Long Kelley and Kenneth Varner declared void, and to have Plaintiff and Aliceson Varner declared Deceased's only heirs at law entitled to inherit by intestacy.  Plaintiff attached to his complaint several documents including a copy of the Rhea County Circuit Court Civil Rule Docket for the 1958 divorce case of Joyce Kelley v. Joseph Kelley and a copy of the Divorce Decree.[3]

---

[2] Plaintiff's complaint alleges that Mortgage Investors Group holds a security interest in the Marlow Drive Property and that Vanderbilt Mortgage and Finance, Inc. holds a security interest in the Old Dayton Pike Property.

[3] Pursuant to Tenn. R. Civ. P. 10.03: "Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit [unless the written instrument falls within one of three specific categories not

Noel T. Turner, Jr., Dianna Jill Turner, and Mortgage Investors Group filed a motion to dismiss ("the Motion to Dismiss") pursuant to Tenn. R. Civ. P. 12.02 for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. After a hearing, the Trial Court entered its order on December 23, 2014 dismissing Plaintiff's suit after finding and holding, *inter alia*, that pursuant to Tenn. R. Civ. P. 12.02(6) Plaintiff's complaint failed to state a claim upon which relief can be granted. Specifically, the December 23, 2014 order found and held:

Plaintiff seeks to have the 1958 divorce Decree set aside due to the alleged lack of jurisdiction by the Rhea County Circuit Court over the parties. Applying the law in *Hankins* to the facts of this case, the alleged lack of jurisdiction must be found in the record itself. Plaintiff attached to his Complaint, as Exhibits 5 and 6, the Decree and the Rhea County Rule Docket. However, this alleged lack of residency does not appear on the face of the Decree nor on the Rule Docket (Complaint Ex. 5, 6).

In reviewing the record, the Court notes the Decree does affirm the parties' settlement agreement wherein [Deceased] was awarded the real property at 21 Polk Circle, Ft. Oglethorpe, Georgia. However, ownership of realty in Georgia does not mean the Petitioner resided there. If anything, it demonstrates that the court was aware some realty was in Georgia yet still ordered the divorce. At least this fact was not hidden from the court. The Court finds there is nothing on the face of the Decree that demonstrates Rhea County's lack of jurisdiction over the parties to the Decree.

* * *

Since there is nothing on the face of the Decree to evidence lack of jurisdiction, there is a conclusive presumption that the Rhea County Circuit Court had jurisdiction over [Deceased] and or her spouse when it entered the Decree. *Hankins*. Every reasonable presumption must be indulged in favor of Rhea Circuit having jurisdiction.

* * *

Plaintiff's averments rely on matters outside of the Rhea County Circuit Court record. Because this is a collateral attack on the Decree, this Court is precluded from reviewing matters outside the Rhea County record.

applicable in the instant case]. Every exhibit so attached or referred to . . . shall be a part of the pleading for all purposes." Tenn. R. Civ. P. 10.03.

4

Plaintiff necessarily cannot prevail in this matter without parol evidence, yet this Court is barred from considering that very evidence. Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Plaintiff appeals the dismissal of his suit to this Court.

## **Discussion**

Although not stated exactly as such Plaintiff raises one issue on appeal: whether the Trial Court erred in granting the Motion to Dismiss. With regard to motions to dismiss our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

In order for Plaintiff to be declared one of only two heirs entitled to inherit by intestacy from Deceased, Plaintiff first must obtain an order setting aside the Divorce Decree, a judgment entered more than 55 years ago in a case between two parties both of whom died prior to the filing of the complaint in the instant case. Plaintiff's complaint sought to have the Divorce Decree declared "void *ipso facto* for lack of jurisdiction of the parties in that matter pursuant to Tenn. Code Ann. § 36-803 (1958) Residence requirements." Plaintiff alleged in his complaint that Deceased, who was the petitioner in the divorce case, was a resident of Georgia and had not resided in Tennessee for the requisite period of time prior to filing for divorce, and therefore, the Rhea County Circuit Court did not have jurisdiction of the parties because the residency requirements were not satisfied.

This Court has discussed an attempt to overturn a previous judgment for lack of jurisdiction stating:

The Supreme Court of Tennessee has held:

> If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack on it. . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.

*Turner v. Bell*, 198 Tenn. 232, 279 S.W.2d 71, 75 (Tenn. 1995) (quoting *Jordan v. Jordan*, 145 Tenn. 378, 239 S.W. 423, 445 (Tenn. 1922)).

\* \* \*

> On collateral attack upon a judgment or decree of a court of general jurisdiction by parties or privies thereto, the rule is that such judgment or decree cannot be questioned except for want of authority over the matters adjudicated upon; and this want of authority must be found in the record itself. *J.B. Wilkins v. M.C. McCorkle*, 112 Tenn. 688, 707-08, 80 S.W. 834, 838 (Tenn. 1904). In the absence of anything in the record to impeach the right of such a court to determine the question involved, there is a conclusive presumption that it had such right. *Id.* (citing *Reinhardt v. Nealis*, 101 Tenn. 169, 172-73, 46 S.W. 446, 447 (Tenn. 1898)). This rule presupposes, of course, that the court has acquired jurisdiction of the persons appearing to be parties to the cause. *Id.* This fact must also be

6

determined from the face of the record, and in conducting such examination every reasonable presumption will be indulged in favor of the jurisdiction. *Id*. (citing *Robertson v. Winchester*, 85 Tenn. 171, 183-86, 1 S.W. 781, 785-86 (Tenn. 1886); *Hopper v. Fisher*, 39 Tenn. 253, 2 Head 253, 254 (Tenn. 1858)). The evidence on which the court acted cannot be looked to. *Id*. If the bill or other pleading makes a case, and the court in its judgment or decree assumes the case to have been established, that is sufficient. *Id*. (citing *Kindell v. Titus*, 56 Tenn. 727, 9 Heisk. 727 (Tenn. 1872); *Pope v. Harrison*, 84 Tenn. 82, 92-93 (Tenn. 1885)).

When the jurisdiction of a court depends upon the existence of a certain fact and the record shows that the court has found that fact, that determination is not subject to collateral attack in another court of this state. *Henson v. Henson*, Shelby Equity No. 23, 1989 Tenn. App. LEXIS 480, at *6, 1989 WL 75960 (Tenn. Ct. App. July 11, 1989). The first judgment, even if in point of fact rendered without the requisite jurisdiction, must stand until reversed on appeal. *Id*. (citing *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 247, 364 S.W.2d 887, 989 (Tenn. 1963)). In a suit seeking to have a previous judgment declared void for lack of jurisdiction, the evidence on which the prior court acted cannot be looked to, nor can the correctness of the conclusion reached from that evidence be investigated by another inferior court in order to declare the decree thus made valid or void. *Id*. at *7, 364 S.W.2d 887 (citing *Reindhardt*, 101 Tenn. at 174, 46 S.W. at 477)).

In *Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996), the Tennessee Supreme Court most recently discussed collateral attacks on divorce decrees. The Court noted that "[t]he few Tennessee cases involving similar attacks on divorce decrees support this conclusion that a divorce decree is void and subject to attack only where the trial court lacks general jurisdiction of the subject matter, rules on an issue wholly outside the pleadings, or lacks jurisdiction over the party complaining." *Id*. The Court cited GIBSON'S SUITS IN CHANCERY § 228 at 219-20 (7th ed.1988) for the statement that "[a]ll decrees not thus appearing on their face to be void are absolutely proof against collateral attack, *and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the decree*." *Id*. (emphasis added).

*Hankins v. Hankins*, No. W2006-00232-COA-R3-CV, 2007 WL 2351171, at **4-5 (Tenn. Ct. App. Aug. 20, 2007), *Rule 11 appl. perm. appeal denied Feb. 4, 2008*.

The Trial Court correctly held that Plaintiff's attack on the Divorce Decree is collateral as Plaintiff is seeking a result other than simply having the Divorce Decree declared void, *i.e.,* to be declared one of only two heirs of Deceased. Plaintiff cannot prevail, however, unless the Divorce Decree is held to be void.

Plaintiff argues in his brief on appeal, in essence, that the Trial Court erred because it did not take the factual allegations in Plaintiff's complaint as true but rather weighed the "evidence." Plaintiff is mistaken. Even if all of the factual allegations in Plaintiff's complaint are taken as true, the Divorce Decree is not void upon the face of the record in the divorce action. The Rhea County Circuit Court determined, at least implicitly, that it had jurisdiction over the parties in that case when it entered the Divorce Decree. The Rhea County Circuit Court in its judgment found that "the facts as alleged in the bill are true . . ." meaning that jurisdiction of the parties was established and, as discussed in *Hankins v. Hankins*, "that is sufficient." *Id*. at *5. The Trial Court correctly recognized that it could not look to the evidence the Rhea County Circuit Court considered when making its determination about jurisdiction. Nor could the Trial Court second guess the correctness of the Rhea County Circuit Court's determination regarding jurisdiction. The evidence which Plaintiff alleges shows lack of jurisdiction does not appear on the face of the record in the divorce case, "*and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the decree*." *Id*. Therefore, even if the Rhea County Circuit Court did lack jurisdiction, and we in no way suggest that it did, the Divorce Decree "must stand until reversed on appeal" as the lack of jurisdiction does not appear on the face of the record. *Id*.

Even construing the complaint liberally in favor of Plaintiff by taking all factual allegations in the complaint as true, as we must at this stage of the proceedings, we, as did the Trial Court, hold that Plaintiff's claim that the Divorce Decree is void fails because no cause of action arises from these facts. As such, we find no error in the Trial Court's dismissal of Plaintiff's suit for failure to state a claim upon which relief can be granted.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Stephen Leon Kelley, and his surety.

_____
D. MICHAEL SWINEY, JUDGE

8