# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### KENNETH B. WHITE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-02995    Paula Skahan, Judge**

---

**No. W2005-01499-CCA-R3-PC  - Filed February 3, 2006**

---

The Petitioner, Kenneth B. White, appeals the trial court's denial of his motion to declare Tennessee Code Annotated section 40-35-114 unconstitutional pursuant to *Blakely v. Washington*. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals, or, in the alternative, dismiss the appeal as there is no right to appeal the denial of a motion to correct an illegal sentence. The Petitioner has not established that he is entitled to habeas corpus relief. Moreover, this Court is not vested with jurisdiction to entertain a request for an appeal of a denial of a motion to reopen a post-conviction petition. Finally, if treated as a Rule 35(b) motion for reduction of sentence, the claim is time-barred. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ. joined.

Kenneth B. White, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On January 29, 1999, the Petitioner, Kenneth B. White, was convicted by a Shelby County jury of one count of vehicular homicide by intoxication, a class B felony. *See Kenneth B. White v. State*, No. W2004-02553-CCA-R3-PC, 2006 WL 20384, *1 (Tenn. Crim. App., at Jackson, Jan. 4, 2006). For this offense, the trial court, on March 17, 1999, imposed a sentence of twelve years confinement in the Department of Correction. No direct appeal was taken. *Id.* Four and one-half years after entry of his conviction, the Petitioner filed a petition for writ of error coram nobis. *See Kenneth B. White v. State*, No. W2004-00653-CCA-R3-CO, 2005 WL 396380, *1 (Tenn. Crim. App., at Jackson, Feb. 17, 2005), *perm. to appeal denied*, (Tenn. Jun. 27, 2005). This application was denied and the denial was affirmed by this Court on direct appeal. *Id.* Next, the Petitioner sought habeas corpus relief, alleging that his conviction was void because of defects in the indictment. *See Kenneth B. White v. State*, No. M2003-02833-CCA-R3-HC, 2004 WL 2387508, *1 (Tenn. Crim. App., at Nashville, Oct. 26, 2004), *perm. to appeal denied*, (Tenn. Jan. 31, 2005). The trial court denied relief and this Court affirmed. *Id.* Most recently, the Petitioner sought post-conviction relief, alleging that trial counsel rendered ineffective assistance of counsel by failing to pursue a direct appeal. *See Kenneth B. White v. State*, No. W2004-02553-CCA-R3-PC, 2006 WL 20384, at *1. The lower court dismissed the petition as time-barred and this Court affirmed the lower court's dismissal. *Id.*

On March 4, 2005, the Petitioner filed, *pro se*, a "Motion to Declare T.C.A. § 40-35-114 Unconstitutional." In support of his motion, Petitioner relied upon the United States Supreme Court holding in *Blakely v. Washington*. By order entered May 25, 2005, the trial court denied relief. The trial court noted in its order that, if the motion were treated as a "motion for correction or reduction of sentence," the motion was time-barred. The trial court further noted that, if the motion were treated as a motion to reopen a petition for post-conviction relief, "the motion is denied for failure to demonstrate an exception to the one-year statute of limitations under T.C.A. § 40-30-117(a)(1)." A timely notice of appeal document was filed in the trial court on June 21, 2005.

The nature of the Petitioner's motion is unclear. Notwithstanding, any appeal thereof fails for several reasons.

## I. Motion for Correction or Reduction of Sentence

Rule 35, Tennessee Rules of Criminal Procedure, provides:
(b) Reduction of Sentence. – The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extension shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. . . .

The Petitioner's motion was not filed until March 4, 2005. Clearly, the Petitioner failed to meet the 120-day time limit for filing his motion. Thus, the trial court was without jurisdiction to modify the

Petitioner's sentence, and the Petitioner's motion was properly dismissed if treated a motion for correction or reduction of sentence.

## II. Motion to Reopen A Petition for Post-Conviction Relief

If treated as a motion to reopen a petition for post-conviction relief, the Petitioner's appeal similarly fails. First, in seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within *ten days* of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* T.C.A.. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Petitioner filed his application in the wrong court, the Petitioner filed a Rule 3 notice of appeal document, rather than an application for permission to appeal, the notice of appeal was filed more than ten days after entry of the lower court's order, and Petitioner failed to attach documents filed by the parties in the trial court and the order of the trial court denying the motion. Nothing in the notice of appeal document would indicate that it could be effectively treated as an application for permission to appeal. *See Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002).

In order to obtain appellate review of the trial court's order, a petitioner *must* comply with the statutory requirements contained in section 40-30-217(c), Tennessee Code Annotated. *See Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at * 2 (Tenn. Crim. App. at Jackson, Dec. 31, 2003). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *Id.* Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter.

We acknowledge that, even had the application been timely filed, the application would fail on its merits. Section 40-30-117, Tennessee Code Annotated, *see also* Tenn. Sup. Ct. R. 28 § 2(C), governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

> (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or
> (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or
> (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

T.C.A. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. T.C.A. § 40-30-117(a)(1). If

the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. T.C.A. § 40-30-117(a)(3).

In the present case, the Petitioner essentially asserts that the trial court abused its discretion in denying his motion to reopen his post-conviction petition because *Blakely* created a new rule of constitutional law. This Court has previously held that retrospective application of the rule announced in *Blakely v. Washington* to cases on collateral review is not required. *See Issac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*); *see also State v. Gomez,* 163 S.W.3d 632, 650-51 (Tenn.), *reh'g denied,* ( 2005). Petitioner's motion to reopen fails to allege a ground under which a post-conviction petition may be reopened. The trial court did not abuse its discretion in summarily denying the motion to reopen.

### III. *Habeas Corpus*

Similarly, the Petitioner's motion if treated as an application for habeas corpus relief also fails.[1] Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). Petitioner contends that his convictions are void because he was denied his constitutional right to trial by jury. This Court has previously rejected this claim in the habeas corpus context, concluding that such claims are voidable, not void, and that the *Blakely* holding is not to be applied retroactively. *See Harvell v. Turner*, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, at * 2 (Tenn. Crim. App., at Jackson, Apr. 12, 2005) (citations omitted). Additionally, we note that, if treated as an application for habeas corpus relief, the application was filed in the wrong court. *See* T.C.A. § 29-21-105 (petition for habeas corpus must be made to court most convenient to the location of the petitioner).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Moreover, this Court is not vested with jurisdiction to entertain a request for an appeal of a denial of a motion to reopen a post-conviction petition. Finally, if treated as a Rule 35(b) motion for reduction of sentence, the claim is time-barred. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1] The State correctly notes that if the motion were treated as a motion to correct an illegal sentence, the proper avenue of seeking relief is to commence habeas corpus proceedings. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005).

_____

J.C. MCLIN, JUDGE