# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## RUDOLPH POWERS v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Wayne County
### No. 14585

---

### No. M2009-00937-CCA-R3-HC - Filed January 6, 2010

---

The Appellant, Rudolph Powers, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The Appellant failed to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ. joined.

Rudolph Powers, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1981, the Appellant was convicted of aggravated rape and robbery accomplished with a deadly weapon. See Rudolph Powers v. Neil Rone, Warden, No. 02C01-9208-CR-00191, 1993 WL 194008 (Tenn. Crim. App., June 9, 1993), perm. to appeal denied, (Tenn., Oct. 4, 1993). For these offenses, the Appellant received sentences of life imprisonment and twenty-five years, respectively. Id. The Appellant's convictions and sentences were affirmed on direct appeal. Id. The Appellant has filed numerous petitions for post-conviction relief and habeas corpus relief. All have been unsuccessful. See Rudolph Powers v. State, No. W2007-01245-CCA-R3-HC, 2008 WL 539033 (Tenn. Crim. App., Feb. 27, 2008).

The Appellant filed the instant petition for a writ of habeas corpus on January 27, 2009. The Appellant claimed that he was denied his "Miranda Rights, Right to Counsel, Fair Access to Court, [and] Fair Access to the Appeal Courts." The trial court dismissed the petition without a hearing. The Appellant appealed, and the State has filed a motion to affirm pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, the State's motion is granted.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 et seq. codify the applicable procedures for seeking such a writ. However, the grounds upon which our law provides relief are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963). A voidable judgment or sentence is one which is facially valid but which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. See Taylor, 995 S.W.2d at 83. "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." McLaney, 59 S.W.3d at 93.

Having reviewed the record, the Court concludes that the trial court did not err in dismissing the Appellant's habeas corpus petition. Aside from the fact that the Appellant did not comply with the mandatory procedural requirements for filing a habeas corpus petition, Hickman v. State, 153 S.W.3d 16 (Tenn. 2004), the claims the Appellant raised in his petition would render the judgments voidable, not void, and they may not be collaterally attacked in a suit for habeas corpus relief.

For these reasons, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20.

_____
THOMAS T. WOODALL, JUDGE

2