IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs April 16, 2013

**LISA ARNOLD, an un-emancipated child,  by RENATE ARNOLD,
MOTHER/NEXT-BEST FRIEND v. RANDY KENNEDY**

**Direct Appeal from the Circuit Court for Davidson County**
**No. 11C-2862      D.J. Alissandratos, Chancellor Sitting by Designation**

_____

**No. M2011-02480-COA-R3-CV - Filed May 31, 2013**

_____

The trial court dismissed Plaintiff's claim for damages under Tennessee Code Annotated  §
29-21-108.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and
J. STEVEN STAFFORD, J., joined.

Renate Arnold, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General
and Mary M. Bers, Senior Counsel, for the appellee, Randy Kennedy.

**OPINION**

        This appeal arises from the trial court's dismissal of Plaintiff's claim for damages
against Defendant state court judge for Defendant's alleged wrongful refusal to grant
Plaintiff's petition for a writ of habeas corpus.  The facts relevant to our disposition of this
matter are not disputed.  On January, 14, 2011, Belinda Mitchell (Ms. Mitchell), a support
coordinator for the disability advocacy group ARC of Davidson County, filed a petition
pursuant to Tennessee Code Annotated § 34-3-102 in the Circuit Court of Davidson County,
Probate Division, seeking an emergency appointment of a conservator for Lisa Arnold (Lisa),
born December 1990.  In her petition, styled In Re Conservatorship of Lisa Arnold, Ms.
Mitchell asserted that Lisa, who was then 20 years of age, suffered from Down syndrome and
was assessed as having the mental capacity of a two or three year old; that Lisa was homeless
and totally dependent upon her mother, Renate Arnold (Ms. Arnold), who also was homeless;

and that Lisa was exploited and mistreated by Ms. Arnold. Ms. Mitchell alleged that Ms. Arnold refused to provide Lisa with food and water; that Ms. Arnold "encourag[ed] [Lisa] to kiss men, including homeless men"; and that Lisa was dirty and without proper clothing. Ms. Mitchell also stated that she "[was] afraid" that Lisa was a victim of sexual exploitation by Ms. Arnold, and asserted that Ms. Arnold and Lisa often spent the night in different shelters or hotel rooms if Lisa begged for them. She further alleged that Lisa and Ms. Arnold were observed pan-handling in sub-zero temperatures on January 12, and that Lisa was not appropriately dressed for the weather. Ms. Mitchell alleged that Lisa was abused and placed in dangerous situations by Ms. Arnold, and that she was in immediate need of a conservator. Ms. Mitchell stated that she had pre-arranged for Lisa to be placed in a program to establish Medicaid Waiver Services, including a place to live with full-time care. She also prayed for a medical evaluation of Lisa, appointment of a guardian ad litem to act on behalf of Lisa, a full hearing of the matter, and to be appointed conservator of Lisa.

The trial court, the Honorable Randy Kennedy ("Judge Kennedy"), presiding, heard the matter on January 19, 2011. By order entered January 20, 2011, the trial court found by clear and convincing evidence that Lisa was in need of an emergency temporary conservator and that Ms. Mitchell was the fit and proper person to be appointed conservator. The trial court ordered that Ms. Arnold be granted reasonable and liberal supervised visitation with Lisa beginning ten days after the hearing. The trial court further ordered a medical examination of Lisa to determine whether a permanent conservatorship should be granted; appointed a guardian ad litem; and authorized Ms. Mitchell to enroll Lisa into any and all services available to her through any and all agencies, and to seek mental and physical health screenings. The trial court additionally ordered that "all counsel involved" would have an opportunity to inspect, approve or reject the reports, and that a final hearing would be had on the matter following notice to all involved. Lisa, Ms. Arnold and counsel for Ms. Arnold, in addition to Ms. Mitchell and her counsel, were present at the hearing.

On June 6, 2011, Ms. Arnold, acting as mother/next best friend, and Dr. Bryan Ennis and Brenda Ennis (collectively, "the Ennises"), acting as next best friend, transmitted a petition for writ of habeas corpus to the Honorable Thomas W. Brothers. The petition and accompanying cover letter was addressed to the Sixth Circuit Court in Nashville. In their petition, Ms. Arnold and the Ennises alleged that the trial court's January 2011 order was "void ab initio, incapable of ratification, unenforceable as against public policy, and unconstitutional." They alleged that Lisa was suffering unlawful restraint and deprivation of fundamental liberty rights; that Ms. Mitchell's January 14 petition was facially deficient; and that Lisa was disabled from birth, was an unemancipated child, and was not a disabled person as defined by Tennessee Code Annotated § 34-1-101(7). They also asserted that jurisdiction was proper in juvenile court, that Lisa had been denied due process and equal protection rights, and that section 34-3-102, *et seq*, and section 1-3-113(a) were

unconstitutionally over-broad. They prayed for a permanent writ of habeas corpus and release of Lisa from the custody of her conservator. The petition was transferred to the Probate Division on June 7, 2011.

On July 25, 2011, Ms. Arnold filed a complaint in the Circuit Court for Davidson County against Judge Kennedy, in his personal capacity, seeking monetary damages pursuant to Tennessee Code Annotated § 29-21-108. In her complaint, Ms. Arnold alleged that Judge Kennedy had failed and refused to act instanter on the June 2011 petition for writ of habeas corpus as required by section 29-21-108(a), and the he willfully and wrongfully refused to grant the writ under section 29-21-108(b). Ms. Arnold asserted, *inter alia*, that she had suffered emotional and psychological damages as a result of being deprived of the parent-child relationship where Judge Kennedy has failed to grant the writ of habeas corpus. She attached, *inter alia,* a copy of the June 2011 petition for writ of habeas corpus and the circuit court's order transferring the matter to the probate court. By order entered July 25, 2011, Judge Kennedy recused himself from the matter and the Chief Justice of the Tennessee Supreme Court assigned the case to the Honorable D. J. Alissandratos ("Chancellor Allissandratos").

Judge Kennedy filed a motion to dismiss the matter for the failure to state a claim on August 12, 2011. In his motion, Judge Kennedy asserted that Ms. Arnold's complaint for damages was predicated on his decision not to grant Ms. Arnold's petition for writ of habeas corpus, and that he was entitled to absolute judicial immunity under Tennessee Code Annotated § 9-8-307(h). He also stated that he did not waive further defenses, including the defense of standing. In his accompanying memorandum, Judge Kennedy asserted that Ms. Arnold did not appeal the order appointing a temporary emergency conservator for Lisa, and that she could not use a petition for writ of habeas corpus as substitute for an appeal. Judge Kennedy further asserted that the decision to appoint an emergency conservator for Lisa was supported by clear and convincing evidence, and that Ms. Arnold's argument was based on the erroneous statement that Lisa did not come within the definition of a disabled person under the conservatorship statutes because she was "a child" by reason of disability from birth.

In September 2011, Ms. Arnold filed a motion to strike Judge Kennedy's motion to dismiss and asserted an objection to legal representation of Judge Kennedy by the Tennessee Attorney General. Following a hearing on September 14, 2011, the trial court granted Judge Kennedy's motion to dismiss Ms. Arnold's July 2011 complaint by order entered September 22, 2011.[1] Ms. Arnold filed a motion to alter or amend the judgment on October 21, and

_____

[1]Ms. Mitchell filed a motion to dismiss the June 2011 writ of habeas corpus on September 14, 2011.
(continued...)

filed subsequent motions to strike, for recusal, and for appointment of legal counsel. Ms. Arnold also filed a notice of appeal on October 21, 2011. On December 12, 2011, this Court entered an order allowing Ms. Arnold to proceed upon a pauper's oath.

By order entered December 12, 2011, the trial court denied Ms. Arnold's motion to alter or amend and all other motions. Ms. Arnold filed a motion for relief from judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure on February 12, 2012. The trial court denied the motion by order entered February 29, 2012. On June 11, 2012, the trial court entered an order approving Ms. Arnold's un-objected statement of the evidence. Ms. Arnold filed a number of motions in this Court, including a number of motions to extend, and the matter was assigned to the Western Section of this Court on April 16, 2013.

### *Issues Presented*

Ms. Arnold presents the following issues for our review, as stated in her brief:

I.      Is the Probate Division of the Davidson County Circuit Court the proper venue and does it have jurisdiction to hear and entertain a proceeding brought under Tennessee Code Annotated § 29-21-108?

II.     Was Retired Chancellor D.J. Alissandratos appropriately appointed per Interchange Procedure and Substitute/Special Judge statutes such that he could act and conduct the proceedings of the trial court, and act in supervision of an ongoing conservatorship?

III.    Did the trial court abuse its discretion and error [sic] in both law and fact when dismissing the Plaintiff/Appellant's complaint under Tenn. R. Civ. P. 12.02(6)?

IV.     Did the trial court abuse its discretion such that the resulting injustice to the Plaintiff/Appellant has deprived her of due process of law and equal protection under the law?

V.      Did the trial court apply an improper legal standard when deciding to act on the Petitioner/Appellant's post-judgment motions while the trial judge was a defendant in a federal disability discrimination lawsuit (3:11-cv-01088) and while a motion for his recusal was before him?

---

[1](...continued)
The trial court granted the motion by order entered September 27, 2011.

### *Standard of Review*

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself. *Cook v. Spinnakers of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). The grounds for such a motion are that the allegations of the complaint, if considered true, are not sufficient to constitute a cause of action as a matter of law. *Id.* A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

When a trial court considers matters outside of the pleadings, however, a motion to dismiss is converted to a motion for summary judgment. *Adams TV of Memphis v. ComCorp of Tenn.*, 969 S.W.2d 917, 920 (Tenn. Ct. App. 1997). Upon review of the record in this case, we are satisfied that the trial court considered matters outside the pleadings and accordingly must review this matter under the standard applicable to an award of summary judgment. Additionally, because Ms. Arnold filed her complaint for damages after July 1, 2011, Tennessee Code Annotated § 20-16-101 is applicable to this matter. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (Supp.2012). Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo*, with no presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008)

### *Discussion*

The nature of the relief available pursuant to a writ of habeas corpus is limited. *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011)(citation omitted). In Tennessee, relief pursuant to a writ of habeas corpus is available "only when 'it appears upon the face

of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id*. at 454 (quoting *Archer v. State*, 851 S.W.2d, 157, 164 (Tenn. 1993)). Thus, "the key issue" is whether the judgment challenged is "void." *Id*. at 453. Further, "authority" is synonymous with "jurisdiction" for the purpose of a habeas corpus proceeding. *Id*. (citation omitted). It is well settled, moreover, that "'a petition for writ of habeas corpus may not be used to review or correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (quoting *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 246, 364 S.W.2d 887, 888 (1963)). It "cannot be used to serve the purpose of an appeal or writ of error." *Id.* "If the trial court has the statutory authority to impose a particular sentence, habeas corpus relief is not available." *Cantrell*, 346 S.W.3d at 454.

Before turning to the issues presented by Ms. Arnold in her brief to this Court, we must first put this lawsuit in context. Ms. Arnold's July 2011 complaint against Judge Kennedy is predicated on her allegations that Judge Kennedy 1) failed to immediately consider her June 2011 writ of habeas corpus and 2) wrongfully refused to grant the writ. Throughout the proceedings below and in her brief to this Court, Ms. Arnold has asserted that, because Lisa is a disabled person and has been disabled since birth, Lisa remains an unemancipated child notwithstanding that she has attained the age of majority. She asserts that Lisa is not disabled pursuant to Tennessee Code Annotated § 34-1-101(7) and that the conservatorship proceedings accordingly were unlawful. Her argument with respect to the conservatorship proceedings, as we understand it, is that because Lisa is not disabled as defined by section 34-1-101(7), the conservatorship proceedings were unlawful.

We note, moreover, that although Ms. Arnold was represented by counsel in the January 2011 conservatorship proceedings, it appears that Ms. Arnold did not object to the appointment of an emergency conservator, nor did she seek to be named conservator of Lisa There is nothing in the record transmitted to this Court to demonstrate that Ms. Arnold took any action to be appointed conservator of Lisa subsequent to entry of the trial court's January 2011 order appointing Ms. Mitchell as emergency conservator. She also did not appeal the trial court's order appointing a temporary emergency conservator.

We additionally note that Judge Kennedy did not deny or refuse Ms. Arnold's petition for writ of habeas corpus. Rather, he did not act on the petition. Thus, Ms. Arnold's July 2011 complaint is predicated entirely on damages allegedly incurred arising from Judge Kennedy's failure to act immediately upon her June 2011 petition writ of habeas corpus. Tennessee Code Annotated § 29-21-108 provides that, when upon application for writ of habeas corpus:

(a) It is the duty of the court or judge to act upon such applications instanter.

(b) A wrongful and willful refusal to grant the writ, when properly applied for, is a misdemeanor in office, besides subjecting the judge to damages at the suit of the party aggrieved.

It is undisputed that Judge Kennedy did not deny Ms. Arnold's petition for writ of habeas corpus, but did not immediately act upon on her petition. In her brief, Ms. Arnold contends that Judge Kennedy's failure to act constitutes a wrongful and willful refusal to grant the writ. She also argues, however, that the probate division was without subject matter jurisdiction to adjudicate the petition for habeas corpus, and that the trial court in this matter was without jurisdiction to adjudicate her complaint for damages because retired Chancellor Alissandratos was improperly appointed special judge. Judge Kennedy, on the other hand, asserts that no cause for damages arises under section 29-21-108(a) from the failure to act upon a petition for habeas corpus immediately. He further asserts that this Court is without authority to review the order of the Tennessee Supreme Court appointing Chancellor Allissandratos as special judge in this matter, and that Ms. Arnold improperly used the petition for writ of habeas corpus to appeal the order appointing an emergency conservator for Lisa.

We turn first to Ms. Arnold's assertion that the probate court was without jurisdiction to adjudicate the underlying petition for writ of habeas corpus. If Ms. Arnold is correct in this assertion, then no suit for damages would lie for Judge Kennedy's failure to consider the petition, as he would have been without authority to do so. Had Judge Kennedy either granted or denied the writ without authority, it would have been void.

We next turn to Ms. Arnold's assertion that the trial court was without jurisdiction to adjudicate her complaint for damages because Chancellor Alissandratos was improperly "appointed by a process which did not adhere to the uniform procedures for making the appointment of either a 'Retired' Judge or Chancellor, and/or by the procedures for appointing a 'Special Judge[.]" As noted above, Chancellor Alissandratos was appointed to hear this matter by order of the Chief Justice of the Tennessee Supreme Court. The supreme court is "clothed with general supervisory control over all the inferior courts of the state." Tennessee Code Annotated § 16-3-501. Pursuant to this authority, it may "[d]esignate and assign temporarily any judge or chancellor to hold or sit as a member of any court, of comparable dignity or equal or higher level, for any good and sufficient reason[.]" Tennessee Code Annotated § 16-3-502(3)(A). Additionally,

[w]henever litigation in any chancery or circuit court of this state becomes congested, or whenever litigation in any chancery or circuit court has required

the recusal of a chancellor or judge, or whenever delay in the disposition of litigation becomes imminent for any reason, the chief justice of the supreme court may assign a former chancellor or judge to assist in the removal of the congestion or delay.

Tennessee Code Annotated § 17-2-109(a)(2). This Court, moreover, has no authority to overrule an order of the supreme court. *E.g., State v. Daniel*, No. M2005-01211-CCA-R3-CD, 2006 WL 3071329, at *4 (Tenn. Crim App. 2006), *perm. app. denied* (Tenn. Mar. 12 2007). We are satisfied that the trial court acted within its authority in this matter.

We turn next to Ms. Arnold's assertion that Judge Kennedy's failure to act immediately upon her petition for writ of habeas corpus constitutes a wrongful and willful failure to grant the writ so as to subject him for a suit for damages. Even if we assume that the failure to act immediately upon a writ for habeas corpus constitutes a refusal to grant the writ, as noted above, a writ of habeas corpus may be had only when, upon the face of the judgment or proceedings, a court acted without authority to restrain a person. Ms. Arnold does not assert that the probate court lacked jurisdiction to adjudicate the petition for appointment of an emergency conservator. Indeed, Tennessee Code Annotated § 34-3-101 provides:

> (a) Actions for the appointment of a conservator may be brought in a court exercising probate jurisdiction or any other court of record of any county in which there is venue.
> (b) An action for the appointment of a conservator shall be brought in the county of residence of the alleged disabled person.

We are satisfied that the probate court had jurisdiction in this matter.[2]

Ms. Arnold additionally contends that the trial court was without authority to order a conservatorship in this case because Lisa is a child and not a disabled person for the purpose of the conservatorship statutes where she was disabled from birth. It is not disputed that Lisa was 20 years of age when the trial court entered its order appointing an emergency conservator for Lisa in January 2011. Tennessee Code Annotated § 34-1-101(7) defines a "disabled person" as "any person eighteen (18) years of age or older determined by the court to be in need of partial or full supervision, protection and assistance by reason of mental illness, physical illness or injury, developmental disability or other mental or physical

---

[2]In her brief to this Court, Ms. Arnold asserts that the probate court was not the "proper venue" because chancery court is vested with "exclusive jurisdiction." We are satisfied that the trial court had jurisdiction within the meaning of the conservatorship statutes.

incapacity[.]" A minor is defined by the section as "any person who has not attained eighteen (18) years of age and who has not otherwise been emancipated[.]" Tenn. Code Ann. § 34-1-101(2007). Notwithstanding that she has been disabled from birth, Lisa is not a minor. Additionally, it is undisputed that Lisa is in need of supervision, protection and assistance by reason of developmental disability. Accordingly, Ms. Arnold's argument that Lisa is not disabled as defined by section 34-1-101 is without merit. Her assertion that only the juvenile court had jurisdiction to hear this matter likewise is without merit. As noted above, Tennessee Code Annotated § 34-3-101(a) provides that actions for the appointment of a conservator may be brought in probate court, and Lisa undisputedly was not a juvenile when the emergency conservatorship proceedings were commenced.

As stated above, relief pursuant to a writ for habeas corpus is limited and is not a substitute for an appeal. Upon review of the record, we agree with Judge Kennedy that Ms. Arnold effectively has sought to utilize the writ as a mechanism of appeal. Thus, even assuming Judge Kennedy's inaction may be construed as a refusal to grant the writ, based on the undisputed facts, it was not wrongful. We accordingly affirm dismissal of Ms. Arnold's July 2011 complaint for damages.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court dismissing Ms. Arnold's complaint. All remaining issues are pretermitted as unnecessary in light of this holding. Costs on appeal are taxed to the Appellant, Renate Arnold, as mother an next best friend of Lisa Arnold. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE